Stephen Andrews (Cal. Bar No. 354327)
stephen@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Avner Paulino, individually and on behalf of all others similarly situated, | Case No. 3:24-cv-03298 |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| Navy Federal Credit Union and Verint Systems Inc., | |
| *Defendants*. | |

**Table of Contents**

I.      Introduction.................................................................................................. 1

II.     Parties......................................................................................................... 2

III.    Jurisdiction and venue.................................................................................. 3

IV.     Facts............................................................................................................ 3

        A.      Verint makes and sells call monitoring products.............................. 3

        B.      Verint intercepts communications while they are in transit.............. 4

        C.      Verint uses obtained communications for its own purposes.............. 5

        D.      Navy Federal uses Verint Real-Time Agent Assist and Speech Analytics. ............... 5

        E.      Navy Federal's customers expect that their calls are confidential............. 6

        F.      Verint and Navy Federal do not obtain consent............................... 7

        G.      Plaintiff's communications with Navy Federal were tapped, intercepted, recorded and used by Verint without his consent. ....................... 7

        H.      Plaintiff and the class's communications are economically valuable............ 9

        I.      No adequate remedy at law.......................................................... 10

V.      Class Action Allegations............................................................................ 10

VI.     Claims........................................................................................................ 12

        First Cause of Action: Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631 ...................................................................... 12

        Second Cause of Action: Violation of the California Invasion of Privacy Act, Cal. Penal Code § 632 ...................................................... 14

        Third Cause of Action: Violation of the California Invasion of Privacy Act, Cal. Penal Code § 632.7 ..................................................... 15

        Fourth Cause of Action: Invasion of Privacy Under California's Constitution.................... 16

        Fifth Cause of Action: Intrusion Upon Seclusion.................................... 17

        Sixth Cause of Action: Quasi-Contract................................................... 18

VII.    Relief......................................................................................................... 18

VIII.   Demand For Jury Trial............................................................................... 19

## I.    Introduction.

1.    Defendant Verint Systems Inc. designs and sells products that monitor and analyze communications between companies and their customers. When customers call companies that use Verint, Verint intercepts the calls, records them, and analyzes the content. Verint's products—known as "Real-Time Agent Assist" and "Speech Analytics"—intercept, listen, record, transcribe, and analyze every call between a client and that client's customers. Verint routes every word spoken by callers directly to Verint's servers in real-time, and transcribes these conversations as they occur. Verint also uses its artificial intelligence models (known as "Verint Da Vinci") to analyze callers' words, tone, pitch, and pace, to determine what the caller is talking about and how the caller is feeling.

2.    In addition to listening in and recording the calls, Verint uses the communications for its own purposes. For example, Verint can use the conversations to enhance and develop its own products, and train its own AI models.

3.    Defendant Navy Federal Credit Union ("Navy Federal") uses Verint's Real-Time Agent Assist and Speech Analytics in its customer service calls. When a customer calls Navy Federal, the call is intercepted and recorded by Verint. Because Navy Federal is a credit union, customers calling Navy Federal routinely share sensitive personal information such as social security number, bank account numbers, bank balances, and income. Indeed, Navy Federal's customer service representatives typically ask callers to share their social security numbers and account information during the call.

4.    Customers calling Navy Federal expect that their conversations will be kept confidential. But in fact, the conversations are intercepted, recorded, and used by Verint. Neither Verint nor Navy Federal discloses to the customers that the calls are being intercepted, recorded, or used by Verint. And they do not obtain customer consent for Verint to record and use the contents of the call.

5.    Plaintiff Avner Paulino is a member of Navy Federal Credit Union. He has called Navy Federal's customer service line multiple times. In those calls, Mr. Paulino disclosed sensitive personal and financial information. Mr. Paulino expected that his conversations with Navy Federal

would be kept confidential. He did not know that Verint was secretly listening to his conversation, and did not consent to his conversations being recorded and used by Verint. He would not have called Navy Federal if he had known.

6.      Plaintiff brings this action on behalf of himself and other customers whose calls were recorded by Verint without their consent.

**II.     Parties.**

7.      Plaintiff Avner Paulino is domiciled in Hayward, California. He served in the United States Navy for six years, and became a member of Navy Federal Credit Union in 2018. Since 2018, he has spoken with Navy Federal's real-time support line numerous times. Mr. Paulino expected those conversations to remain confidential between himself and Navy Federal. During each of these calls, Mr. Paulino's communications were listened to, intercepted, and recorded in real time by Defendant Verint Systems Inc. Mr. Paulino was unaware at the time of these calls that his communications were being intercepted in real-time and would be disclosed to Verint for its own use, nor did Mr. Paulino consent to the same.

8.      Defendant Navy Federal Credit Union is a federally chartered credit union with its principal place of business in Virginia. Navy Federal is the world's largest credit union and has over 13 million members worldwide. Navy Federal does business throughout California and the entire United States. Navy Federal's call center employs over 1,400 agents, who annually handle 30 million calls.

9.      Defendant Verint Systems Inc. is a Delaware corporation with its principal place of business at 175 Broadhollow Road, Melville, New York 11747. Verint is a global analytics company that specializes in customer engagement and business-intelligence solutions. Verint enables organizations to capture and analyze large amounts of customer data. Verint provides services called "Real-Time Agent Assist" and "Speech Analytics," which are at issue here and described more fully below. At all relevant times here, Navy Federal has used Verint's "Real-Time Agent Assist" and "Speech Analytics" products.

**III.     Jurisdiction and venue.**

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

11.     The Court has personal jurisdiction over Defendants. Each Defendant does business in California. Defendants have purposefully availed themselves of the laws and benefits of doing business in this state, and Plaintiff's claims arise out of each of the Defendants' forum-related activities. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District. Due to Defendants' actions, Plaintiff was harmed in California.

12.     Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendants would be subject to personal jurisdiction in this District if this District were a separate state. Defendants advertise and sell their products and services in this District and serve a market for their Products in this District. Plaintiff's claims arise out of Defendant's contacts in this forum. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendants' conduct giving rise to the claims occurred in this District.

**IV.     Facts.**

**A.     Verint makes and sells call monitoring products.**

13.     Defendant Verint makes and sells a wide-range of software products that enable companies to intercept, record, and analyze customer phone calls. Two such products are Verint's "Real-Time Agent Assist," and Verint's "Speech Analytics."

14.     Real-Time Agent Assist and Speech Analytics are used by Verint to intentionally tap, intercept, read, receive, and record calls from customers to customer service agents.

15.     When a customer calls customer service, Real-Time Agent Assist listens to customers' conversations with contact-center agents in real-time, and uses AI to notify and assist employees and supervisors about ways to handle telephone calls.

16.     Real-Time Agent Assist is powered by Verint Da Vinci—Verint's artificial intelligence models. Using Da Vinci, Real-Time Agent Assist precisely transcribes conversations as they happen. In addition to capturing the content of the conversations, Verint also captures the tone,

pitch, pace, and other acoustic signatures. Verint then processes customers' words and acoustic signatures to determine customers' emotions and sentiments. Based on the customers' words and acoustic signatures, Real-Time Agent Assist then suggests actions that call-center agents can take and informs agents how customers are feeling.

17.    Verint provides the example of a customer calling a customer-service line and asking to change their address. Verint intercepts the call in real-time, processes the customer's words, and immediately provides the call-center agent with information on how to respond to the customer's request.[1] As the conversation progresses, Real-Time Agent Assist informs the agent how the customer is feeling, noting for example that the customer seems upset.

18.    Verint Speech Analytics analyzes voice interactions in call centers. Speech Analytics uses Verint's Da Vinci AI models to transcribe, analyze, and derive actionable insights from customer conversations in real time. Speech Analytics transcribes 100% of recorded calls and uses Da Vinci AI to analyze words, phrases, categories, and themes that affect customer experience. Speech Analytics also analyzes the words customers use, as well as their tone, pitch, and pace of speech, to determine the sentiment and emotional state of customers and agents.

19.    Verint intentionally and willfully intercepts consumer communications. Verint designed its products to intercept customer communications, and touts that feature to its customers. The purpose of Verint Real-Time Agent Assist and Speech Analytics is to intercept customer communications. And, when Verint sells these products to companies and other entities, Verint intends for its product to intercept customers' communications.

**B.    Verint intercepts communications while they are in transit.**

20.    When a customer calls a company that uses Verint's Real-Time Agent Assist or Speech Analytics, the call is simultaneously disseminated to both the company's call-center and Verint.

21.    Companies using Real-Time Agent Assist or Speech Analytics embed Verint-provided code into their call centers or into third-party communication platforms. When a customer uses a telephone to call the company, the embedded code routes the customer's words and acoustic

---

[1] https://www.youtube.com/watch?v=3_hzJrJ2E8s

signatures (i.e., their communications) directly to Verint. Verint's Real-Time Agent Assist and Speech Analytics services are an Application Programming Interface (API) that is "plugged in" to the contact center (and, by extension, into each and every phone call). The Real-Time Agent Assist and Speech Analytics services are run from Verint's servers. In other words, Verint intercepts customer communications as those communications occur and then transcribes, analyzes, and stores those communications on its own servers as those conversations occur.

22.    Thus, Verint learns the contents and meaning of the communications while the communications are in transit.

**C.    Verint uses obtained communications for its own purposes.**

23.    Verint uses data obtained by RTAA and Speech Analytics for its own purposes. For example, Verint's Da Vinci AI models are trained on at least a sub-set of customer engagement data and real-time data that flows through Verint's products.

24.    In addition, Verint uses at least a sub-set of customer data for Verint's internal business purposes, including for improving or creating enhancements to (or new offerings related to) Verint's services.

**D.    Navy Federal uses Verint Real-Time Agent Assist and Speech Analytics.**

25.    On its website, Verint advertises that Navy Federal is one of its customers, and that Navy Federal uses Verint Real-Time Agent Assist and Speech Analytics for its customer service phone calls.

26.    Similarly, on Verint's YouTube channel, Verint has a Navy Federal customer-success story.[2] In that video, numerous Navy Federal employees state that Navy Federal uses numerous Verint products, including Verint's Real-Time Agent Assist and Speech Analytics.

27.    Navy Federal intentionally installed Verint's products (including Real-Time Agent Assist and Speech Analytics) with knowledge that those products would intercept and record callers' conversations. Navy Federal hired Verint specifically to intercept communications, and Navy Federal facilitated Verint embedding its code into Navy Federal's call centers.

---

[2] https://www.youtube.com/watch?v=puB2j4dWnlc

28.     As described in further detail above, Verint taps, intercepts, receives, records, and uses the contents and meaning of the messages while the messages are in transit.

29.     Navy Federal knows that Verint uses communications it collected via its Real-Time Agent Assist and Speech Analytics to advance its own business interests, because Verint's contract says that it can do so.

**E.     Navy Federal's customers expect that their calls are confidential.**

30.     Customers who call Navy Federal have a reasonable expectation of privacy. They dial a 1-888 number associated with Navy Federal and reasonably believe that they are having a conversation with Navy Federal. They do not expect that a third party is listening in and recording the conversation.

31.     In addition, because Navy Federal is a credit union, individuals calling Navy Federal virtually always discuss sensitive financial information. Navy Federal's real-time support line automatically asks each caller to say the caller's access number or social security number. In a typical call, a caller is likely to disclose a wide variety of personally identifiable information (PII) and sensitive financial information, including, but not limited to:

        a.   Name;

        b.   Address;

        c.   Social Security Number;

        d.   Bank Account Numbers;

        e.   Bank Account Balances;

        f.   Credit Card Numbers;

        g.   Credit Card Balances;

        h.   Credit History;

        i.   Income; and

        j.   Collections Information.

32.     Because the callers disclose sensitive financial and personal information in the call, they reasonably expect that this information will be kept private.

**F.      Verint and Navy Federal do not obtain consent.**

33.     Callers who call Navy Federal do not consent to their calls with Navy Federal being tapped, intercepted, listened to, eavesdropped on, recorded, and used by Verint. Neither Verint nor Navy Federal obtain consent from consumers who call Navy Federal.

34.     Navy Federal does not obtain consent. Defendant Navy Federal does not ask callers whether they consent to Verint learning the contents of, eavesdropping on, intercepting, or recording their calls. Navy Federal customers are thus unaware that Verint is listening.

35.     When callers call Navy Federal's real-time support line, they are informed that the call "may be recorded for quality assurance purposes." This tells reasonable consumers that Navy Federal itself may use the recording to train its customer service agents or improve its products. It does not tell reasonable consumers that a third-party (Verint) will intercept, record, and use the call for its own purposes. In fact, callers are unaware that any third-party is present on the call. Callers call Navy Federal's number, and at all times it appears that the call is strictly between the caller and Navy Federal. It is never disclosed that a third party is listening, or using the content of its call for its own products and purposes.

36.     Verint also does not obtain consent. Verint does not disclose on the Navy Federal calls that it is intercepting, recording, or using the information disclosed in the call. Customers are thus unaware that Verint is listening in on the call, and do not consent.

37.     Companies using Verint's Real-Time Agent Assist and Speech Analytics are substantially similar such that Plaintiff can serve as a class representative for all customers whose calls were recorded and used by Verint's Real-Time Agent Assist and Speech Analytics without consent. *See, e.g., In re Vizio, Inc. Consumer Privacy Litig.*, 238 F.Supp.3d 1204, 1219 (C.D. Cal. 2017). Each company using Verint's Real-Time Agent Assist and Speech Analytics enables Verint to record, learn the contents of, eavesdrop on, intercept, and/or record callers' verbal and acoustic signatures.

**G.      Plaintiff's communications with Navy Federal were tapped, intercepted, recorded and used by Verint without his consent.**

38.     Plaintiff Paulino has been a member of Navy Federal Credit Union since 2018.

39. Since 2012, Mr. Paulino has called Navy Federal Credit Union's real-time support line (a 1-888 telephone number) numerous times. Recently, he made calls to Navy Federal Credit Union on the following dates: March 24, 2024; November 30, 2023 (twice); November 15, 2023; September 19, 2023.

40. Each time, Mr. Paulino called Navy Federal's 1-888 number from his smartphone. Mr. Paulino made the phone calls in private, without other people around him. During these conversations, Mr. Paulino discussed sensitive financial information, including his social security number, his date of birth, his bank accounts, and other personal information.

41. At no time did Plaintiff consent to Verint intercepting, recording, or using the content of his phone calls.

42. Mr. Paulino had a reasonable expectation that the conversation was not being overheard or recorded by any third parties. Mr. Paulino had a reasonable expectation of privacy because his conversations occurred in private between him and Navy Federal, and because those conversations concerned confidential financial information (such as banking information) as well as other personal information (such as his social security number). A reasonable caller in Mr. Paulino's position would have expected calls with Navy Federal to remain confidential, because people expect financial information and personal information such as social security numbers to remain private.

43. During those calls, Verint's Real-Time Agent Assist and Speech Analytics products secretly captured Mr. Paulino's conversations, transcribing his words and capturing his acoustic signatures without his consent.

44. Mr. Paulino was harmed because his right to privacy was violated.

45. Plaintiff faces an imminent threat of future harm. As he has for years, Plaintiff would like to call Navy Federal's real-time support line again to manage his account, ask questions, and open new accounts and services, amongst other reasons. But Plaintiff does not consent and does not want Verint to intercept and use his communications with Navy Federal, so he cannot call Navy Federal without fear of this occurring. Without an injunction, Plaintiff has no way of knowing whether or not Verint is intercepting and using his calls with Navy Federal without his consent.

46.     At the time that Plaintiff made his phone calls, he did not know that Verint (a third-party) recorded and used his phone calls with Navy Federal. He did not know that Verint (or any other party except Navy Federal) was listening to or recording his phone calls with Navy Federal. He did not discover it until May 2024, when he learned that Verint records the customer service calls made to Navy Federal.

47.     Plaintiff could not have made earlier discovery despite exercising reasonable diligence. At no time during his calls did Navy Federal disclose to Plaintiff (or other consumers) that Verint was secretly monitoring and recording the calls. Likewise, nowhere does Navy Federal's website disclose that Verint may be recording, monitoring, and analyzing calls that he made to Navy Federal. Indeed, there was no indication that *any* third party was eavesdropping on Plaintiff's calls with Navy Federal.

**H.     Plaintiff and the class's communications are economically valuable.**

48.     Plaintiff and the class members conversations with Defendant Navy Federal are economically valuable. This information—which includes personal and financial information, as well as verbal and acoustic information—is a form of currency. The value is well understood in the e-commerce industry.

49.     Professor Paul M. Schwartz noted in the Harvard Law Review:

> Personal information is an important currency in the new millennium. The monetary value of personal data is large and still growing, and corporate America is moving quickly to profit from the trend. Companies view this information as a corporate asset and have invested heavily in software that facilitates the collection of consumer information.

Paul M. Schwartz, *Property, Privacy and Personal Data*, 117 HARV. L. REV. 2055, 2056-57 (2004).

50.     Additionally, Plaintiff and the class members conversations are used to train Verint's AI models, which increases the value of Verint's products. Verint acknowledges the economic value of training its AI on customer data, touting publicly that its AI is the best product, because it has been trained on customer engagement data, which has been collected for more than twenty years, as well as from the real-time data that flows through Verint's products.

**I.    No adequate remedy at law.**

51.    Plaintiff seeks damages and, in the alternative, restitution. Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law.

52.    A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims. Plaintiff's quasi-contract claim requires only that Plaintiff establish Defendants' receipt of a benefit and an unjust retention of that benefit at Plaintiff's expense. Plaintiff may be able to prove these more straightforward factual elements, and thus prevail, while not being able to prove one or more elements of his legal claims.

53.    In addition, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient. The need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

**V.    Class Action Allegations.**

54.    Plaintiff brings the asserted claims for the following classes:

- <u>Verint Class</u>: all California residents who called or were called by a company that uses Verint's Real-Time Agent Assist or Speech Analytics, and who did not consent to Verint intercepting, listening to, and/or recording the call.

- <u>Navy Federal Subclass</u>: all California residents who called or were called by Navy Federal Credit Union while Navy Federal Credit Union used Verint's Real-Time Agent Assist or Speech Analytics.

55.    The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

**Numerosity & Ascertainability**

56.     Members of each class are so numerous that their individual joinder herein is impracticable. There are thousands of class members or more.

57.     Class members can be identified through Defendants' call records and public notice.

**Predominance of Common Questions**

58.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

        a.   Whether Defendants violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631;

        b.   Whether Defendants violated CIPA, Cal. Penal Code § 632;

        c.   Whether Defendants violated CIPA, Cal. Penal Code § 632.7;

        d.   Whether Defendants invaded Plaintiff's privacy rights in violation of the California Constitution;

        e.   Whether Defendants intruded upon Plaintiff's seclusion;

        f.   Whether Defendants were unjustly enriched; and

        g.   Damages needed to compensate Plaintiff and the proposed classes.

**Typicality & Adequacy**

59.     The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, had his telephonic communications intercepted, recorded for use by Verint, without his consent. There are no conflicts of interest between Plaintiff and the classes.

**Superiority**

60.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.    Claims.**

<u>**First Cause of Action:**</u>

**Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631**

**(Against Both Defendants)**

61.    Plaintiff incorporates each and every factual allegation set forth above.

62.    Plaintiff brings this cause of action against Verint on behalf of himself and members of the Verint Class. In the alternative, Plaintiff brings the claim against Verint on behalf of himself and the Navy Federal Subclass.

63.    Plaintiff brings this cause of action against Navy Federal on behalf of the Navy Federal Subclass.

64.    To establish liability under section 631(a), Plaintiff need only establish that Defendants, "by means of any machine, instrument, contrivance, or in any other manner, did any of the following:

> [1] intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or

> [2] willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state;

>  or

> [3] uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained;

> or

[4] aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

65.     As described in further detail above, Defendant Verint intentionally tapped, or otherwise made an unauthorized connection, with Plaintiff and the customer service agent's telephonic wire line, cable or instrument.

66.     As described in further detail above, Defendant Verint also willfully and without Plaintiff's consent read, attempted to read, or to learn the contents of Plaintiff's customer service calls while those communications were in transit over a wire, line, or cable.

67.     As described in further detail above, Defendant Verint uses and attempts to use the information so obtained.

68.     The following constitutes a "machine, instrument, contrivance," or "other manner" under the statute:

        a.   The computers Defendant Verint uses to carry out the wiretapping;

        b.   The Real-Time Agent Assist and Speech Analytics software;

        c.   The servers Verint uses to process the data;

        d.   Plaintiff's telephone line;

        e.   Defendant Navy Federal's telephone line; and/or

        f.   The plan Verint carried out to achieve its wiretapping of Plaintiff's communications.

69.     As described in further detail above, Plaintiff and class members did not expressly or impliedly consent.

70.     As described in greater detail above, Navy Federal aids, agrees, and employs Defendant Verint to wiretap and eavesdrop on Plaintiff's communications.

71.     Plaintiff and the Verint Class were injured as a direct and proximate result of Defendants' conduct, including because their right to privacy was invaded in violation of Cal. Penal Code § 630 *et seq.*

72.     Plaintiff seeks actual or statutory damages of $5,000 per violation per class member, whichever is greater, reasonable attorneys' fees, treble damages, and all other available relief.

<u>**Second Cause of Action:**</u>

**Violation of the California Invasion of Privacy Act, Cal. Penal Code § 632**

**(Against Verint)**

73.     Plaintiff incorporates each and every factual allegation set forth above.

74.     Plaintiff brings this cause of action on behalf of himself and members of the Verint Class against Defendant Verint. In the alternative, Plaintiff brings this claim on behalf of himself and the Navy Federal Subclass.

75.     Section 632 of California's Penal Code imposes liability upon anyone "who, [1] intentionally and [2] without the consent of all parties to [3] a confidential communication, [4] uses an electronic amplifying or recording device [5] to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio[.]"

76.     As described in greater detail above, Defendant Verint intentionally eavesdropped upon and/or recorded Plaintiff and class members' conversations.

77.     Plaintiff and class members did not expressly or impliedly consent to any of Defendant Verint's eavesdropping.

78.     Plaintiff and class members had a reasonable expectation of privacy in their (1) private financial information; (2) private telephone calls; and/or (3) personal information.

79.     Defendant Verint's computer systems, software, telephone systems, servers, and the other devices that Defendant Verint uses to carry out its wiretapping scheme are electronic amplifying and/or recording devices.

80.     Plaintiff and the class's communications occurred by means of a telephone, or other device, and not by radio.

81.     Plaintiff and the Verint Class were injured as a direct and proximate result of Verint's conduct, including because their right to privacy was invaded in violation of Cal. Penal Code § 630 *et seq*.

82.     Plaintiff seeks actual or statutory damages of $5,000 per violation per class member, whichever is greater, reasonable attorneys' fees, treble damages, and all other available relief.

**Third Cause of Action:**

**Violation of the California Invasion of Privacy Act, Cal. Penal Code § 632.7**

**(Against Both Defendants)**

83.     Plaintiff incorporates each and every factual allegation set forth above.

84.     Plaintiff brings this cause of action against Verint on behalf of himself and members of the Verint Class. In the alternative, Plaintiff brings this claim on behalf of himself and the Navy Federal Subclass.

85.     Plaintiff brings this cause of action against Navy Federal on behalf of himself and the Navy Federal Subclass.

86.     Section 632.7 of California's Penal Code imposes liability upon anyone "who, [1] without the consent of all parties to a communication, [2] intercepts or receives and intentionally records, or assists in the interception or reception and intentional recorded of, [3] a communication [4] transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

87.     As discussed in greater detail above, Defendant Verint intercepted and/or received and intentionally recorded Plaintiff's and the class members' calls.

88.     Plaintiff and the class members did not expressly or impliedly consent to Defendant Verint intercepting and/or receiving and recording their calls.

89.     Plaintiff and the class members communicated with customer service using a phone (such as a cellular radio phone, landline, and/or cordless phone), and Defendant Navy Federal answered Plaintiff's and the class members' calls with a phone (such as a cellular radio telephone, a cordless telephone, and/or landline telephone).

90.     As described in greater detail above, Defendant Navy Federal assisted Defendant Verint in intercepting and/or receiving and intentionally recording Plaintiff and the class members calls.

91.     Plaintiff and the Verint Class were injured as a direct and proximate result of Defendants' conduct, including because their right to privacy was invaded in violation of Cal. Penal Code § 630 *et seq.*

92.     Plaintiff seeks actual or statutory damages of $5,000 per violation per class member, whichever is greater, reasonable attorneys' fees, treble damages, and all other available relief.

**Fourth Cause of Action:**

**Invasion of Privacy Under California's Constitution**

**(Against Both Defendants)**

93.     Plaintiff incorporates each and every factual allegation set forth above.

94.     Plaintiff brings this cause of action against Verint on behalf of himself and members of the proposed Class against Defendants. In the alternative, Plaintiff brings this claim on behalf of himself and the Navy Federal Subclass.

95.     Plaintiff brings this cause of action against Navy Federal on behalf of himself and the Navy Federal Subclass.

96.     Plaintiff and Class Members have an interest in (1) precluding the dissemination and/or misuse of their private financial information; and (2) making personal decisions and/or conducting personal activities without observation, intrusion or interference, including, but not limited to, the right to call their credit agency without being subjected to wiretaps without Plaintiff's and Class Members' knowledge or consent.

97.     At all relevant times, by implementing Defendant Verint's wiretaps on Defendant Navy Federal's phone lines, each Defendant intentionally invaded Plaintiff's and Class Members' privacy rights under the California Constitution, and procured the other Defendant to do so.

98.     Plaintiff and class members had a reasonable expectation of privacy in their (1) private financial information; (2) private telephone calls; and (3) personal information.

99.     Plaintiff and class members did not consent to any of Defendants' actions in implementing Verint's wiretaps.

100.    The invasion of privacy is serious in nature, scope, and impact.

101.   The invasion of privacy alleged here constitutes an egregious breach of the social norms underlying the privacy right.

102.   Plaintiff and the class were injured as a direct and proximate result of Verint's conduct, including because their right to privacy was invaded.

103.   Plaintiff and class members seek all relief available for invasion of privacy claims under California's Constitution.

**Fifth Cause of Action:**

**Intrusion Upon Seclusion**

**(Against Both Defendants)**

104.   Plaintiff incorporates each and every factual allegation set forth above.

105.   Plaintiff brings this cause of action against Verint on behalf of himself and members of the proposed Class against Defendants. In the alternative, Plaintiff brings this claim on behalf of himself and the Navy Federal Subclass.

106.   Plaintiff brings this cause of action against Navy Federal on behalf of himself and the Navy Federal Subclass.

107.   Plaintiff and Class Members have an interest in (1) precluding the dissemination and/or misuse of their private financial information; and (2) making personal decisions and/or conducting personal activities without observation, intrusion or interference, including, but not limited to, the right to call their credit agency without being subjected to wiretaps without Plaintiff's and Class Members' knowledge or consent.

108.   At all relevant times, by implementing Defendant Verint's wiretaps on Defendant Navy Federal's phone lines, each Defendant intruded into a private place, conversation, or matter, and procured the other Defendant to do so.

109.   Plaintiff and class members had a reasonable expectation of privacy in their (1) private financial information; (2) private telephone calls; and (3) personal information.

110.   Plaintiff and Class Members did not consent to any of Defendants' actions in implementing Verint's wiretaps.

111.   The invasion of privacy is serious in nature, scope, and impact.

112. The invasion of privacy alleged here occurred in a manner highly offensive to a reasonable person.

113. Plaintiff and the Verint Class were injured as a direct and proximate result of Defendants' conduct, including because their right to privacy was violated.

114. Plaintiff and Class Members seek all relief available for invasion of privacy claims under California's Constitution.

**Sixth Cause of Action:**

**Quasi-Contract**

**(Against Both Defendants)**

115. Plaintiff incorporates each and every factual allegation set forth above.

116. Plaintiff brings this cause of action against Verint on behalf of himself and members of the proposed Class against Defendants. In the alternative, Plaintiff brings this claim on behalf of himself and the Navy Federal Subclass.

117. Plaintiff brings this cause of action against Navy Federal on behalf of himself and the Navy Federal Subclass.

118. Defendants received data and information contained in Plaintiff's and the class members' calls with Defendant Navy Federal.

119. That data and information is economically valuable to Defendants.

120. Plaintiff and class members received no compensation for that data and information.

121. In this way, Defendants received a direct and unjust benefit, at Plaintiff's and class members expenses.

122. Plaintiff and the class seek restitution.

**VII.  Relief.**

123. Plaintiff seeks the following relief for himself and the class and subclass:

- An order certifying the asserted claims, or issues raised, as a class action;

- A judgment in favor of Plaintiff and the proposed class and subclass;

- Damages, statutory damages, treble damages, and punitive damages where applicable;

- Restitution;

- Imposition of a constructive trust;

- Disgorgement, and other just equitable relief;

- Pre- and post-judgment interest;

- An injunction prohibiting Defendants' conduct, as allowed by law;

- Reasonable attorneys' fees and costs, as allowed by law;

- Any additional relief that the Court deems reasonable and just.

## VIII.  Demand For Jury Trial

124.    Plaintiff demands the right to a jury trial on all claims so triable.


Dated: May 31, 2024                          Respectfully submitted,

                                             By: */s/ Stephen Andrews*
                                             Stephen Andrews (Cal. Bar No. 354327)
                                             stephen@dovel.com
                                             Christin Cho (Cal. Bar No. 238173)
                                             christin@dovel.com
                                             DOVEL & LUNER, LLP
                                             201 Santa Monica Blvd., Suite 600
                                             Santa Monica, California 90401
                                             Telephone: (310) 656-7066
                                             Facsimile: (310) 656-7069

                                             *Attorneys for Plaintiff*