Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Attorneys for Defendant
Verint Systems Inc.

*Additional parties and counsel listed on signature pages*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Avner Paulino, individually and on behalf of all others similarly situated,<br><br>　　*Plaintiff*,<br><br>v.<br><br>Navy Federal Credit Union and Verint Systems Inc.,<br><br>　　*Defendants*. | CASE NO.: 3:24-cv-03298-JD<br><br>**EMERGENCY MOTION FOR ADMINISTRATIVE RELIEF: REQUEST TO SET SEQUENTIAL BRIEFING SCHEDULE FOR DEFENDANTS' RULE 12(b)(2), (3) MOTIONS - [L.R. 7-11]**<br><br>[*Declaration of Rebekah S. Guyon filed concurrently*]<br><br>Action Filed:　May 31, 2024<br>Judge:　　　　Judge James Donato<br>Trial Date:　　Not set |

Pursuant to Civ. L.R. 7-11, Defendants Verint Systems Inc. ("Verint") and Navy Federal Credit Union ("NFCU") respectfully request that the Court order the sequential briefing schedule set forth in the accompanying Proposed Order, and further request in the interim that the Court stay or extend Defendants' upcoming August 1 (or anticipated August 8)[1] deadline to answer or otherwise respond to Plaintiff Avner Paulino's ("Plaintiff" or "Paulino") Complaint until a date after the Court decides Defendants' request for sequential briefing of their Rule 12(b) motions. Defendants request sequential briefing so they may obtain a ruling on each of their forthcoming motions to dismiss for lack of personal jurisdiction and/or improper venue pursuant to Rule 12(b)(2), (3) or, in the alternative, motions to transfer pursuant to 28 U.S.C. § 1631, § 1404 or § 1406 (the "Jurisdictional Motions"). The proposed sequential schedule serves judicial economy, avoids prejudice to Defendants, and does not prejudice Plaintiff.

Courts—including this Court—order threshold jurisdictional issues be heard first before other Rule 12(b) arguments for dismissal. *See Rodriguez v. Meta Platforms, Inc.*, No. 4:22-cv-00401-YGR (N.D. Cal. Apr. 12, 2022) (ECF No. 57) (Donato, J.) (granting contested motion for sequential briefing of threshold venue issues first). That is because sequential briefing, like the proposed briefing schedule here, promotes efficiency by deciding first those legal issues that touch on the Court's constitutional and statutory powers to preside over the action or compel a particular defendant into court. *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1110 (C.D. Cal. 2001) ("Nor should this Court, in the absence of proper venue, reach the merits of the Rule 12(b)(6) Motion . . . . This should be left for the transferee court.").

The Jurisdictional Motions intend to challenge the Court's personal jurisdiction over them and/or whether the Northern District of California is a proper venue for Plaintiff's claims. There is no general personal jurisdiction as neither Defendant resides in California. And the Court lacks specific personal jurisdiction over Defendants, and venue is improper in this District, because Paulino's claims do not arise from Defendant's contacts in the State or District. The alleged "recording of Plaintiff's [calls] to" NFCU's call center "and the collection of his personal data"—the tortious conduct alleged in the Complaint—"would have happened no matter the state Plaintiff was in," and neither Verint nor NFCU did "anything specifically directed at California or California residents to tether it to this forum." *Sacco v. Mouseflow, Inc.*, No. 2:20-cv-02330-TLN-KJN, 2022 WL 4663361, at *5 (E.D. Cal. Sept. 30, 2022). Indeed, NFCU's use of Verint's

---

[1] The parties intend to stipulate without leave of court to a seven-day extension up to August 8, 2024.

technology is wholly on and contained within NFCU's premises; this means NFCU did not share, and Verint did not access, store, or use, Plaintiff's or other Californians' call recordings. *See* Guyon Decl. ¶ 6, Ex. B.

The equities favor sequential briefing. If this action is transferred out of the forum, Defendants will incur the expense and burden of briefing again its non-jurisdictional Rule 12(b) defenses. Plaintiff would have the benefit of seeing Defendants' arguments in an opening motion and reply (even if not decided by this Court) and then responding with what is effectively a "surreply" once briefed again following transfer.

Defendants respectfully request the Court set a sequential briefing schedule, and further request, in light of their approaching deadline to respond to the Complaint by August 1, 2024, the Court in the interim stay or extend their response deadline until ten days after the Court decides Defendants' request for sequential briefing.

I.  **BACKGROUND**

Verint, a Delaware corporation headquartered in New York, offers businesses software products and solutions, including licensed software for commercial use by companies to assist with customer support. NFCU is a federally chartered credit union with its principal place of business in Virginia and with millions of members located all across the United States.

Plaintiff, an alleged resident of Hayward, California and NFCU member since 2018, asserts his confidential telephone calls to NFCU were recorded and shared with Verint pursuant to NFCU's alleged cloud-based use of Verint's products. He alleges that, since 2012, "he has spoken with [NCFU]'s real-time support line numerous times," including most recently on March 24, 2024. Compl. ¶¶ 7, 39-40. He claims that NFCU used Verint software "run from Verint's servers," which "routes the customer's words and acoustic signatures" to Verint where Verint then "transcribes, analyzes, and stores those communications on its own servers . . . ." *Id*. ¶¶ 21, 43. Paulino asserts that this conduct by Verint violates the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631, 632, and 637, and constitutes a violation of his right to privacy and a breach of quasi-contract.

On July 5, Verint's counsel asked if Plaintiff would agree to briefing on Defendants' jurisdictional and venue challenges first and defer briefing on other Rule 12(b) defenses. Counsel for all parties met and conferred on the issue on July 11, and Defendants' counsel provided Plaintiff's counsel with supporting legal authority, *Massie v. General Motors Co.*, No. 1:20-CV-01560-JLT, 2021 WL 2142728, at *8 (E.D. Cal. May

26, 2021), and informed Plaintiff's counsel that NFCU's use of Verint's technology is hosted on NFCU's premises (not on Verint's cloud-based servers) and Verint does not access Plaintiff's or other NFCU members' calls. Defendants sent Plaintiff a joint letter on July 19 explaining NFCU's on-premises use of the Verint software and confirming Verint has no access to NFCU members' data, and thus cannot use such data for any purpose. On July 22, Plaintiff declined to stipulate to sequential briefing. On July 24, Plaintiff agreed to a one-week stipulated extension of Defendants' response time, which has not yet been filed.

## II.  LEGAL STANDARD

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Wishnev v. Nw. Mut. Life Ins. Co.*, 2016 WL 9223857, at *2 (N.D. Cal. Mar. 28, 2016) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)) (quotations omitted). Accordingly, district courts consistently decide issues of venue and jurisdiction *before* hearing other Rule 12 motions. *Compuweigh Corp. v. Honeywell Int'l, Inc.*, 2016 WL 7197360, at *3 (D. Conn. Dec. 9, 2016) ("The Court begins its analysis with the motion to transfer venue, noting that, if this Court decides to transfer this case, the more prudent course of action would be to defer consideration of the motion to dismiss to that court."); *Jarzab v. KM Enters., Inc.*, 2012 WL 1997814, at *5 (N.D. Cal. June 3, 2012) ("[G]enerally[,] the court should not consider challenges under Rule 12(b)(6) until after jurisdiction and venue challenges are resolved.").

It is thus neither surprising nor atypical for parties to request, either by contested motion or the parties' stipulation, to phased Rule 12(b) initial motion practice on jurisdiction or venue, as this Court has done. *See*, *e.g.*, *Rodriguez*, No. 4:22-cv-00401-YGR (ECF No. 57); *Massie*, No. 1:20-CV-01560-JLT (ECF No. 11) (granting sequential briefing on jurisdictional motions and staying answer deadline to operative complaint pending resolution of defendants' jurisdictional motions); *Bride v. Snap Inc.*, No. 21-CV-03473-JD (N.D. Cal. Aug. 9, 2021) (ECF No. 30) (granting stipulated staggered briefing schedule on Snap's motion to transfer before motion to dismiss based on Rule 12(b)(6)); *Doffing v. Meta Platforms, Inc., et al*, 1:22-CV-00100 ("*Doffing*") (D. Or. Mar. 3, 2022) (ECF No. 32).

## III.  ARGUMENT

### A.  Sequential Briefing Is Both Permitted And Prudent

Defendants' request for a phased briefing schedule serves both judicial economy and common

sense. Simultaneous briefing of Defendants' non-jurisdictional Rule 12(b) defenses neither conserves judicial resources nor saves time since a transfer outside the District requires the parties and another court to brief, hear, and rule upon Defendants' Rule 12(b) defenses, re-briefed under different court and local rules and practices and under a different circuit court's laws and legal standards.

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). Courts decide questions of jurisdiction and venue as a threshold matter. *See SanDisk Corp. v. SK Hynix Inc.*, 84 F. Supp. 3d 1021, 1029 (N.D. Cal. 2015) ("the Court will first decide the threshold question of jurisdiction"); *Marshall v. Monster Beverage Corp.,* 2014 WL 3870290 at *3 (N.D. Cal. Aug. 6, 2014).

The Jurisdictional Motions will present distinct threshold issues about whether California is a constitutionally proper forum state and whether this District is a permitted venue; both issues concern this Court's power to hear the case and enter an enforceable judgment against either or both Defendants. As Defendants will set forth in their Jurisdictional Motions, Plaintiff's claims do not confer jurisdiction over Defendants nor establish this District as an appropriate venue.

Plaintiff cannot show that California is "'the *focal point*' of NFCU's use of the software licensed to it by Verint 'and of the harm suffered.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1212 (9th Cir. 2020) (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (specific jurisdiction must arise from a defendant's own contacts with the forum state, not from plaintiff's or a third party's contacts with the forum)). Plaintiff does not allege, and cannot show, that Verint or NFCU has any purposeful contacts with California related to his claims. Verint licensed software that NFCU, its licensee, used in its discretion and under its own configuration. *See* Guyon Decl., Ex. B. Further, NFCU did not disclose, and Verint did not access, Paulino's (or any NFCU member's) calls. *Id.* And NFCU used Verint software on its member-support calls from members located across the nation; whether an NFCU member decides to call from California or elsewhere matters not for NFCU's use of the software on a member's call. *Cox v. Gritman Med. Ctr.*, No. 2:23-CV-00031-MKD, 2024 WL 1123573, at *9 (E.D. Wash. Mar. 14, 2024) ("the fact Ms. Cox's prescriptions were filled in Washington was not based on Defendants' own choices, but instead, based on the 'fortuitous' circumstance that Ms. Cox chose to fill her prescriptions" there).

Analogous precedent involving a vendor's software on a customer's website to allegedly record consumers' interactions is instructive to the lack of personal jurisdiction here. Similar to software provider Decibel and website operator General Motors in *Massie*, NFCU "operates [call centers] that are accessible throughout the United States" and thus Plaintiff's allegations "are insufficient to establish an express aim at California." 2021 WL 2142728, at *4-5 ("GM's operation of broadly accessible websites does not constitute the type of minimum contacts with the forum needed for specific personal jurisdiction"). And Verint is "steps removed from the [NFCU call center] activities that allegedly would permit the exercise of personal jurisdiction over it." *Id*. at *8.

Further, venue is not proper under 28 U.S.C. § 1391(b). Because venue "is a privilege of the defendant," "the court should generally focus on activities of the defendant and not the activities of plaintiff" when evaluating proper venue. *Kelly v. Echols, M.D.,* No. CIVF05118-AWI-SMS, 2005 WL 2105309, at *12 (E.D. Cal. Aug. 30, 2005). The basis for Plaintiff's claims is that NFCU allegedly used Verint technology to collect and share its members' telephone communications, including his own while he was located in California. Compl. ¶¶ 1-5, 11, 13-24. These allegations do not establish acts or omissions *by Defendants* within the venue of the Northern District of California. *See Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 870 (N.D. Cal. 2021) (finding improper venue where all "decision-making concerning Omaze's Website and marketing efforts [was] centralized at Omaze's headquarters" located in another venue).

**B.      Pending Decision On The Motion, Defendants' Response Time Should Be Extended**

Because Defendants' deadline to respond to the Complaint is August 1, Defendants request the Court extend their response time by ten days after the Court rules on the request for sequential briefing. The time-sensitive nature of this request warrants interim relief and provides time to appropriately address the scope of the anticipated Rule 12(b) motions. Plaintiff is not prejudiced by such a short extension.

Further, should the Court be so inclined to deny sequential briefing, Defendants request a ten-page enlargement of the page limits on Defendants' motions to a total of twenty-five (25) pages each and a five (5) page increase in the length of reply briefs to fifteen (15) pages each.

**IV.     CONCLUSION**

Defendants respectfully request that the Court enter a sequential schedule for Rule 12(b) briefing, and stay or extend the deadline to respond to the Complaint pending a decision on this Motion.

DATED: July 24, 2024                     GREENBERG TRAURIG, LLP

                                By   /s/ Rebekah S. Guyon
                                     Rebekah S. Guyon
                                     Attorneys for Defendant
                                     VERINT SYSTEMS INC.

DATED: July 24, 2024                     WILLKIE FARR & GALLAGHER LLP

                                By   /s/ Michael J. Gottlieb
                                     Michael J. Gottlieb (*Pro Hac Vice pending*)
                                     Meryl C. Governski *Pro Hac Vice pending*)
                                     Alyxandra Vernon
                                     Attorneys for Defendant
                                     NAVY FEDERAL CREDIT UNION

## ATTORNEY ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Rebekah S. Guyon, hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

DATED: July 24, 2024                     GREENBERG TRAURIG, LLP

                                By   /s/ Rebekah S. Guyon
                                     Rebekah S. Guyon

MOTION FOR ADMINISTRATIVE RELIEF REGARDING SEQUENTIAL BRIEFING SCHEDULE