| | |
|---|---|
| 1 | Rebekah S. Guyon (SBN 291037) |
| 2 | GuyonR@gtlaw.com |
| | 1840 Century Park East, Suite 1900 |
| 3 | Los Angeles, California 90067 |
| | Telephone: 310-586-7700 |
| 4 | |
| 5 | Attorneys for Defendant |
| | Verint Systems Inc. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Avner Paulino, individually and on behalf of all others similarly situated, | CASE NO.: |
| | **DECLARATION OF REBEKAH S. GUYON IN SUPPORT OF EMERGENCY MOTION FOR ADMINISTRATIVE RELIEF: REQUEST TO SET SEQUENTIAL BRIEFING SCHEDULE FOR DEFENDANTS' RULE 12(b)(2), (3) MOTIONS - [L.R. 7-11]** |
| *Plaintiff*, | |
| v. | |
| Navy Federal Credit Union and Verint Systems Inc., | |
| *Defendants*. | |
| | Action Filed: May 31, 2024 |
| | Judge: Judge James Donato |
| | Trial Date: Not set |

3:24-cv-03298-JD

DECLARATION OF REBEKAH S. GUYON I/S/O MOTION FOR ADMIN. RELIEF

## DECLARATION OF REBEKAH S. GUYON

I, Rebekah S. Guyon declare and state as follows:

1. I am an attorney at law duly licensed to practice in the State of California. I am a shareholder with the law firm of Greenberg Traurig, LLP, attorneys of record for Defendant Verint Systems Inc. ("Verint") in the above-entitled action (the "Action"). The following facts are within my personal knowledge. If called upon as a witness, I could and would competently testify to the truth of the matters asserted in this declaration. I make this Declaration in support of Defendant's Motion for Administrative Relief: Request to Set Sequential Briefing Schedule for Defendant's Rule 12(b)(2), (3) Motions ("Administrative Motion").

2. Counsel for Verint and Defendant Navy Federal Credit Union ("NFCU") have conferred with counsel for Plaintiff regarding the substance of the Administrative Motion. Plaintiff's counsel have declined to stipulate to the relief requested by Defendants in the Administrative Motion.

3. I requested by email on July 5, 2024 that Plaintiff stipulate to sequential briefing of Defendants' challenges based on jurisdiction and venue ("Jurisdictional Motions") first and defer other Rule 12(b) motions until the Jurisdictional Motions are decided. In response, Plaintiff's counsel requested a conference on the issue. A true and correct copy of the correspondence discussed in this paragraph, and all subsequent email exchanges described in this Declaration, is attached in **Exhibit A**.

4. On July 11, 2024, counsel for all parties conferred regarding Defendants' jurisdictional and venue-based arguments. I provided Plaintiff's counsel with legal authority supporting the lack of personal jurisdiction over Defendants and further informed Plaintiff's counsel that NFCU's use of Verint's technology is hosted on NFCU's premises (not on Verint's cloud-based servers). Stephen Andrews, counsel for Plaintiff, advised he would consider the request for sequential briefing and Defendants' counsel's arguments and legal authority in support, but that he could not then decide whether to agree or decline the request.

5. I inquired of Plaintiff's counsel again on July 16, 2024 whether they would stipulate to sequential briefing. On that date, Mr. Andrews advised that whether Plaintiff would stipulate "turns on a better understanding of the facts" discussed on July 11, 2024.

6. On July 19, 2024, counsel for Verint and NFCU sent a letter to Plaintiff discussing the on-premises use of Verint technology by NFCU. A true and correct copy of Defendants' joint letter dated July 19, 2024 is attached hereto as **Exhibit B**.

7. Plaintiff's counsel did not immediately respond to the letter. On July 22, 2024, Meryl Governski, counsel for NFCU, asked Mr. Andrews again whether Plaintiff would stipulate to sequential briefing.

8. Mr. Andrews responded on July 22 declining to stipulate to sequential briefing.

9. On July 23, 2024, I informed Mr. Andrews that Defendants intended to file the Administrative Motion. I inquired whether Plaintiff would stipulate to enlarged briefs for Defendants encompassing all 12(b) challenges in the event that the Court declined Defendant's Administrative Motion for sequential briefing. Mr. Andrews declined to stipulate to enlarged briefs.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 24, 2024 at Los Angeles, California.

*/s/ Rebekah S. Guyon*
Rebekah S. Guyon