# EXHIBIT A

## Sharifi, Haleh (LSS-LA-LT)

| | |
|---|---|
| **From:** | Guyon, Rebekah S. (Shld-LA-LT) |
| **Sent:** | Wednesday, July 24, 2024 5:36 PM |
| **To:** | Bailus, Blake M. (Assoc-NY-LT) |
| **Cc:** | Sharifi, Haleh (LSS-LA-LT) |
| **Subject:** | RE: Paulino v. Navy Federal, Verint - Letter re Claims |

**From:** Stephen Andrews <stephen@dovel.com>
**Sent:** Wednesday, July 24, 2024 2:48 PM
**To:** Guyon, Rebekah S. (Shld-LA-LT) <Rebekah.Guyon@gtlaw.com>; MGovernski@willkie.com; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Salky, Mark (Shld-Mia-LT) <Mark.Salky@gtlaw.com>; Manion, Marla (Para-LA-LT) <Marla.Manion@gtlaw.com>; Bailus, Blake M. (Assoc-NY-LT) <bailusb@gtlaw.com>; MGottlieb@willkie.com; AVernon@willkie.com
**Subject:** RE: Paulino v. Navy Federal, Verint - Letter re Claims

Thank you for the correction. We look forward to a constructive relationship moving forward.

**From:** Rebekah.Guyon@gtlaw.com <Rebekah.Guyon@gtlaw.com>
**Sent:** Wednesday, July 24, 2024 2:46 PM
**To:** Stephen Andrews <stephen@dovel.com>; MGovernski@willkie.com; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Mark.Salky@gtlaw.com; Marla.Manion@gtlaw.com; bailusb@gtlaw.com; MGottlieb@willkie.com; AVernon@willkie.com
**Subject:** RE: Paulino v. Navy Federal, Verint - Letter re Claims

Stephen,

We sent you the stipulation last time, and you approved it. Emails dated June 20 and June 24 are attached.

Understood that you are only stipulating to a one week extension at this time.

Regards,

**Rebekah S. Guyon**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7716  |  F +1 310.586.0225
Rebekah.Guyon@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

GT GreenbergTraurig

**From:** Stephen Andrews <stephen@dovel.com>
**Sent:** Wednesday, July 24, 2024 2:24 PM
**To:** Guyon, Rebekah S. (Shld-LA-LT) <Rebekah.Guyon@gtlaw.com>; MGovernski@willkie.com; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Salky, Mark (Shld-Mia-LT) <Mark.Salky@gtlaw.com>; Manion, Marla (Para-LA-LT) <Marla.Manion@gtlaw.com>;

1

EXHIBIT A
Page 3

Bailus, Blake M. (Assoc-NY-LT) <bailusb@gtlaw.com>; MGottlieb@willkie.com; AVernon@willkie.com
**Subject:** RE: Paulino v. Navy Federal, Verint - Letter re Claims

Rebekah,

We strongly desire a constructive relationship with you. But, as stated below, we are not agreeing to stipulate to enlarged briefing, absent a stipulation by your client that we will proceed with joint briefing right now. Let's see how the Court comes down on your administrative motion, and we'll revisit your request. To avoid any misunderstanding: All we are stipulating to at this point is the one-week extension on your deadline to file your motion to dismiss.

Last time we agreed to a stipulation, you filed the stipulation with the Court without sending us a draft first. Please send a draft to us before filing this stipulation with the Court.

Best,
Stephen

**From:** Rebekah.Guyon@gtlaw.com <Rebekah.Guyon@gtlaw.com>
**Sent:** Wednesday, July 24, 2024 11:20 AM
**To:** Stephen Andrews <stephen@dovel.com>; MGovernski@willkie.com; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Mark.Salky@gtlaw.com; Marla.Manion@gtlaw.com; bailusb@gtlaw.com; MGottlieb@willkie.com; AVernon@willkie.com
**Subject:** RE: Paulino v. Navy Federal, Verint - Letter re Claims

Stephen,

It is our view that briefing jurisdiction and venue issues first is appropriate under the case law holding that these issues should be resolved prior to other pleading challenges. *E.g.*, *Jarzab v. KM Enters., Inc*., 2012 WL 1997814, at *5 (N.D. Cal. June 3, 2012) ("[G]enerally[,] the court should not consider challenges under Rule 12(b)(6) until after jurisdiction and venue challenges are resolved.").

We will, therefore, move forward with our administrative motion to stage the briefing. We do appreciate the stipulation on the extension and enlarged briefing on combined 12(b) motions in the event that our motion to stage the briefing is denied. We will send that stip over to you.

Regards,


**Rebekah S. Guyon**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7716  |  F +1 310.586.0225
Rebekah.Guyon@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



**From:** Stephen Andrews <stephen@dovel.com>
**Sent:** Wednesday, July 24, 2024 10:01 AM
**To:** Guyon, Rebekah S. (Shld-LA-LT) <Rebekah.Guyon@gtlaw.com>; MGovernski@willkie.com; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Salky, Mark (Shld-Mia-LT) <Mark.Salky@gtlaw.com>; Manion, Marla (Para-LA-LT) <Marla.Manion@gtlaw.com>;

Bailus, Blake M. (Assoc-NY-LT) <bailusb@gtlaw.com>; MGottlieb@willkie.com; AVernon@willkie.com
**Subject:** RE: Paulino v. Navy Federal, Verint - Letter re Claims

Yes, we'd be willing to agree to a week extension. If your concern is just brief size, would you be interested in us just stipulating to enlarged briefing and not bifurcating the briefing schedule?

---

**From:** Rebekah.Guyon@gtlaw.com <Rebekah.Guyon@gtlaw.com>
**Sent:** Tuesday, July 23, 2024 10:08 AM
**To:** Stephen Andrews <stephen@dovel.com>; MGovernski@willkie.com; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Mark.Salky@gtlaw.com; Marla.Manion@gtlaw.com; bailusb@gtlaw.com; MGottlieb@willkie.com; AVernon@willkie.com
**Subject:** RE: Paulino v. Navy Federal, Verint - Letter re Claims

Stephen,

We will be making a motion to request that the court allow defendants to brief personal jurisdiction and venue prior to other 12(b) challenges to the complaint.

Given the upcoming deadline to respond to the complaint, will you agree to extend our deadline out by a week so that this motion can be resolved first?

Please also let us know whether you will stipulate to allow defendants to file enlarged briefs addressing all 12(b) arguments in the event that the court does not allow defendants to brief personal jurisdiction and venue first.

Thanks,

**Rebekah S. Guyon**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7716  |  F +1 310.586.0225
Rebekah.Guyon@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

**GT GreenbergTraurig**

---

**From:** Stephen Andrews <stephen@dovel.com>
**Sent:** Monday, July 22, 2024 12:14 PM
**To:** Governski, Meryl Conant <MGovernski@willkie.com>; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Salky, Mark (Shld-Mia-LT) <Mark.Salky@gtlaw.com>; Manion, Marla (Para-LA-LT) <Marla.Manion@gtlaw.com>; Guyon, Rebekah S. (Shld-LA-LT) <Rebekah.Guyon@gtlaw.com>; Bailus, Blake M. (Assoc-NY-LT) <bailusb@gtlaw.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Vernon, Alyxandra <AVernon@willkie.com>
**Subject:** RE: Paulino v. Navy Federal, Verint - Letter re Claims

Hi Meryl,

As indicated in my email early last week, I was hoping to get on the phone to chat on Tuesday or Wednesday about the factual allegations Rebekah made before deciding on the stipulation, but I didn't receive any substantive reply until your late-Friday-afternoon letter. Nevertheless, thank you for the letter. We believe it makes sense to brief the venue, jurisdictional, and 12(b)(6) issues together. Accordingly, we decline your offer to bifurcate the briefing.

Best,
Stephen

---

**From:** Governski, Meryl Conant <MGovernski@willkie.com>
**Sent:** Monday, July 22, 2024 8:23 AM
**To:** Stephen Andrews <stephen@dovel.com>; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Mark.Salky@gtlaw.com; Marla.Manion@gtlaw.com; Rebekah.Guyon@gtlaw.com; bailusb@gtlaw.com; Gottlieb, Michael <MGottlieb@willkie.com>; Vernon, Alyxandra <AVernon@willkie.com>
**Subject:** RE: Paulino v. Navy Federal, Verint - Letter re Claims

Stephen,

More than two weeks have passed since counsel for Verint asked whether plaintiffs be willing to stipulate to defer briefing on other pleading challenges under Rule 12 until jurisdiction and venue is resolved. Motions are due next week, and we still do not have an answer. Please confirm by the end of the day whether plaintiffs will agree to stage briefing to afford sufficient time to file a joint stipulation or to seek relief from the Court if we cannot reach agreement (which we very much hope to avoid).

Thanks,
Meryl


**Meryl Conant Governski**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1016 | Fax: +1 202 303 2000
mgovernski@willkie.com | vCard | www.willkie.com bio

---

**From:** Vernon, Alyxandra <AVernon@willkie.com>
**Sent:** Friday, July 19, 2024 4:20 PM
**To:** Stephen Andrews <stephen@dovel.com>; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Mark.Salky@gtlaw.com; Marla.Manion@gtlaw.com; Rebekah.Guyon@gtlaw.com; bailusb@gtlaw.com; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>
**Subject:** RE: Paulino v. Navy Federal, Verint - Letter re Claims

Stephen,

Attached please find a letter addressing the claims made by Mr. Paulino in the operative complaint.

Thanks so much,


**Alyxandra Vernon**
**Willkie Farr & Gallagher LLP**
333 Bush St | San Francisco, CA 94104
Direct: +1 415 858 7468 | Fax: +1 415 858 7599
avernon@willkie.com | vCard | www.willkie.com bio

---

**From:** Stephen Andrews <stephen@dovel.com>
**Sent:** Tuesday, July 16, 2024 4:19 PM
**To:** Rebekah.Guyon@gtlaw.com; bailusb@gtlaw.com; Governski, Meryl Conant <MGovernski@willkie.com>; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Mark.Salky@gtlaw.com; Marla.Manion@gtlaw.com; Gottlieb, Michael <MGottlieb@willkie.com>; Vernon, Alyxandra

4

<AVernon@willkie.com>

**Subject:** RE: Paulino v. Navy Federal, Verint - Request for Extension

**\*\*\* EXTERNAL EMAIL \*\*\***

Thanks for the quick reply, Rebekah! Looking forward to chatting; please let me know what times work for you. We're happy to share our evidence, provided that you share whatever evidence you have that Navy Federal's build is 100% on premises.

---

**From:** Rebekah.Guyon@gtlaw.com <Rebekah.Guyon@gtlaw.com>
**Sent:** Tuesday, July 16, 2024 11:24 AM
**To:** Stephen Andrews <stephen@dovel.com>; bailusb@gtlaw.com; MGovernski@willkie.com; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Mark.Salky@gtlaw.com; Marla.Manion@gtlaw.com; MGottlieb@willkie.com; AVernon@willkie.com
**Subject:** RE: Paulino v. Navy Federal, Verint - Request for Extension

Stephen,

We are happy to speak again. I will follow up with some times. Would you send us the evidence that you mentioned so that we can be prepared to discuss?

Thanks,

**Rebekah S. Guyon**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7716  |  F +1 310.586.0225
Rebekah.Guyon@gtlaw.com   |   www.gtlaw.com   |   View GT Biography

GT GreenbergTraurig

---

**From:** Stephen Andrews <stephen@dovel.com>
**Sent:** Tuesday, July 16, 2024 10:44 AM
**To:** Bailus, Blake M. (Assoc-NY-LT) <bailusb@gtlaw.com>; Guyon, Rebekah S. (Shld-LA-LT) <Rebekah.Guyon@gtlaw.com>; MGovernski@willkie.com; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Salky, Mark (Shld-Mia-LT) <Mark.Salky@gtlaw.com>; Manion, Marla (Para-LA-LT) <Marla.Manion@gtlaw.com>; MGottlieb@willkie.com; AVernon@willkie.com
**Subject:** RE: Paulino v. Navy Federal, Verint - Request for Extension

Good morning,

Our position on the stipulation turns on better understanding the facts that Rebekah identified on the call. Rebekah seemed to be saying that Navy Federal has a 100% on-premises solution. But the counters of her assertion were hazy, and we have evidence contradicting her claim. I'd like to get a timely answer to you on the stipulation, so can we please set up a call for tomorrow or the next day?

Best,
Stephen

**From:** bailusb@gtlaw.com <bailusb@gtlaw.com>
**Sent:** Tuesday, July 16, 2024 6:25 AM
**To:** Stephen Andrews <stephen@dovel.com>; Rebekah.Guyon@gtlaw.com; MGovernski@willkie.com; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Mark.Salky@gtlaw.com; Marla.Manion@gtlaw.com; MGottlieb@willkie.com; AVernon@willkie.com
**Subject:** RE: Paulino v. Navy Federal, Verint - Request for Extension

Stephen, Christin,

Following up on our request to stipulate to phased briefing on our Rule 12 motions. Will plaintiff stipulate to the parties briefing personal jurisdiction and venue prior to any challenges to the Complaint on other grounds? If this is acceptable, we will put together a stipulation promptly.

Thank you,
Blake

**Blake M. Bailus**
Associate

Greenberg Traurig, LLP
One Vanderbilt Avenue | New York, NY 10017
T +1 212.801.9326  |  C +1 702.785.8807
bailusb@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

GT GreenbergTraurig

---

**From:** Stephen Andrews <stephen@dovel.com>
**Sent:** Thursday, July 11, 2024 1:50 PM
**To:** Bailus, Blake M. (Assoc-NY-LT) <bailusb@gtlaw.com>; Stephen Andrews <stephen@dovel.com>; Guyon, Rebekah S. (Shld-LA-LT) <Rebekah.Guyon@gtlaw.com>; MGovernski@willkie.com; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Salky, Mark (Shld-Mia-LT) <Mark.Salky@gtlaw.com>; Manion, Marla (Para-LA-LT) <Marla.Manion@gtlaw.com>; MGottlieb@willkie.com; AVernon@willkie.com
**Subject:** Re: Paulino v. Navy Federal, Verint - Request for Extension

Yes I am, thank you.

---

**From:** bailusb@gtlaw.com <bailusb@gtlaw.com>
**Sent:** Thursday, July 11, 2024 10:20:28 AM
**To:** stephen@dovel.com <stephen@dovel.com>; Rebekah.Guyon@gtlaw.com <Rebekah.Guyon@gtlaw.com>; MGovernski@willkie.com <MGovernski@willkie.com>; christin@dovel.com <christin@dovel.com>; simon@dovel.com <simon@dovel.com>
**Cc:** Mark.Salky@gtlaw.com <Mark.Salky@gtlaw.com>; Marla.Manion@gtlaw.com <Marla.Manion@gtlaw.com>; MGottlieb@willkie.com <MGottlieb@willkie.com>; AVernon@willkie.com <AVernon@willkie.com>
**Subject:** RE: Paulino v. Navy Federal, Verint - Request for Extension

Stephen,

Are you available at 3 p.m. Pacific today? Michael Gottlieb will also join the call. If so, I can circulate the invite.

Thanks,
Blake

**Blake M. Bailus**
Associate

Greenberg Traurig, LLP
One Vanderbilt Avenue | New York, NY 10017
T +1 212.801.9326 | C +1 702.785.8807
bailusb@gtlaw.com | www.gtlaw.com | View GT Biography

**GT GreenbergTraurig**

---

**From:** Stephen Andrews <stephen@dovel.com>
**Sent:** Wednesday, July 10, 2024 1:26 PM
**To:** Guyon, Rebekah S. (Shld-LA-LT) <Rebekah.Guyon@gtlaw.com>; MGovernski@willkie.com; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Salky, Mark (Shld-Mia-LT) <Mark.Salky@gtlaw.com>; Manion, Marla (Para-LA-LT) <Marla.Manion@gtlaw.com>; MGottlieb@willkie.com; AVernon@willkie.com; Bailus, Blake M. (Assoc-NY-LT) <bailusb@gtlaw.com>
**Subject:** RE: Paulino v. Navy Federal, Verint - Request for Extension

Rebekah,

Following up on this. Do you have time sometime this week to discuss?

Best,
Stephen

---

**From:** Stephen Andrews <stephen@dovel.com>
**Sent:** Friday, July 5, 2024 2:23 PM
**To:** Rebekah.Guyon@gtlaw.com; Stephen Andrews <stephen@dovel.com>; MGovernski@willkie.com; Christin Cho <christin@dovel.com>; Simon Franzini <simon@dovel.com>
**Cc:** Mark.Salky@gtlaw.com; Marla.Manion@gtlaw.com; MGottlieb@willkie.com; AVernon@willkie.com; bailusb@gtlaw.com
**Subject:** Re: Paulino v. Navy Federal, Verint - Request for Extension

Do you have a few minutes to jump on the phone? I'd like to learn what your basis is for thinking that jurisdiction is improper/venue is improper.

---

**From:** Rebekah.Guyon@gtlaw.com <Rebekah.Guyon@gtlaw.com>
**Sent:** Friday, July 5, 2024 3:36 PM
**To:** stephen@dovel.com <stephen@dovel.com>; MGovernski@willkie.com <MGovernski@willkie.com>; christin@dovel.com <christin@dovel.com>; simon@dovel.com <simon@dovel.com>
**Cc:** Mark.Salky@gtlaw.com <Mark.Salky@gtlaw.com>; Marla.Manion@gtlaw.com <Marla.Manion@gtlaw.com>; MGottlieb@willkie.com <MGottlieb@willkie.com>; AVernon@willkie.com <AVernon@willkie.com>; bailusb@gtlaw.com <bailusb@gtlaw.com>
**Subject:** RE: Paulino v. Navy Federal, Verint - Request for Extension

Stephen,

I hope you had a happy fourth. Defendants in this case both intend to move to dismiss for lack of personal jurisdiction, as well as likely on improper venue grounds and/or to transfer pursuant to 1404. Defendants are not intending to file these motions together.

Would plaintiffs be willing to stipulate to defer briefing on other pleading challenges under Rule 12 until jurisdiction and venue is resolved?

Please let us know. We are happy to speak as well to see if a stipulation to transfer may resolve the need for briefing jurisdiction and venue, etc.

Regards,

**Rebekah S. Guyon**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7716  |  F +1 310.586.0225
Rebekah.Guyon@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



# EXHIBIT B

**WILLKIE FARR & GALLAGHER** LLP      

Michael Gottlieb  
Tel: 202 303 1000  
Fax: 202 303 2000  
MGottlieb@willkie.com

Rebekah S. Guyon  
Tel 310 586 7716  
Fax 310 586 7800  
Rebekah.Guyon@gtlaw.com

July 19, 2024

**VIA EMAIL**

Stephen Andrews  
Christin Cho  
DOVEL & LUNER, LLP  
201 Santa Monica Blvd., Suite 600  
Santa Monica, CA 90401  
Tel: (310) 656-7066  
stephen@dovel.com  
christin@dovel.com

Re:   *Paulino v. Navy Federal & Verint Systems, Inc.*, 3:24-cv-03298

Dear Mr. Andrews,

On May 31, 2024, Dovel & Luner filed a putative class action complaint against Navy Federal Credit Union ("Navy Federal") and Verint Systems, Inc. ("Verint") on behalf of Avner Paulino in the Northern District of California. *See* Class Action Complaint, *Paulino v. Navy Federal*, No. 3:24-cv- 03298 (N.D. Cal.) ("Complaint").  The Complaint asserts tort, statutory (under the California Invasion of Privacy Act ("CIPA")), and constitutional privacy claims, all premised on allegations that Navy Federal uses two Verint products ("Real-Time Agent Assist" and "Speech Analytics") to "intercept, listen, record, transcribe, and analyze every call" between Navy Federal and its members and that Verint "routes every word spoken by callers directly to Verint serves in real-time, and transcribes these conversations as they occur" and "uses its artificial intelligence models" ("AI") to "analyze callers' words, tone, pitch, and pace, to determine what the caller is talking about and how the caller is feeling." *See id*. ¶ 1; *see also* ¶¶ 3-4, 28-29. Virtually none of those allegations are true.

Navy Federal does not use Verint Real-Time Agent Assist in any capacity.  While true that Navy Federal uses Verint Speech Analytics, it does so as an on-premise Speech Analytics solution that is rule-based and configurable by Navy Federal (and Navy Federal alone).  That means neither Verint nor Navy Federal routes every (or *any*) "word spoken by callers directly to Verint servers in real-time, and transcribes these conversations as they occur." Nor does Verint "intercept, listen, record, transcribe, and analyze every call" (or any call) either in real-time or afterwards.  Verint does not and cannot independently access Navy Federal member calls or recordings.  Because Verint has no access to Navy Federal data, it does not and cannot use Navy Federal member information to "enhance and develop its own products, and train its own AI models." We do not understand there to be any basis in law for alleging that every-day, on-premises use of software for a company's internal business affairs to constitute a privacy violation under CIPA or any other

Stephen Andrews
July 19, 2024
Page 2

related tort or constitutional claim. As the Complaint acknowledges, Navy Federal is fully transparent with its members by telling each and every caller before they speak with a customer service representative that their calls will be recorded for quality assurance purposes, which is exactly how Navy Federal uses Verint's technology on premises and for Navy Federal's own internal business operations.

Accordingly, the Complaint relies on allegations that are factually incorrect, such as in ¶¶ 1–4, 7, 9, 14–29, and 41-46, and your client lacks a good faith basis to continue to make them (including in order to file an amended complaint to the extent that is in process).

The Complaint relies heavily on certain statements published on Verint's website. For the reasons discussed above, a number of those statements are inaccurate, which Verint is in the process of removing, and virtually all of the various assumptions that the Complaint makes based on those statements are false. For example, the Complaint cites a YouTube Video as a basis for alleging that Navy Federal uses "Verint's Real-Time Agent Assist" for its "customer service phone calls." ¶¶ 25-26. But that video does not say that Navy Federal is using Real-Time Agent Assist, and there is no basis to make that inference. Nor does any basis exist since Navy Federal does not use Real-Time Agent Assist, as discussed above.

Separately but relatedly, there are two additional important points to raise as you consider whether to continue to pursue this litigation.

*First*, it appears that your client intends to attempt to include conduct well outside the one-year and two-year statute of limitations for CIPA and privacy claims, respectively, by alleging that he "did not discover" any purported recording "until May 2024." ¶ 46. But you must know that your client did not become a California resident until November 2023, and therefore only can assert claims (or represent a class asserting claims) under California law from that date forward.

*Second*, your client has failed to comply with his contractual duties under his agreement with Navy Federal, which states:

> "Notice of Claim: Neither Member nor Navy Federal may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this agreement or that alleges that the other party has breached any provision of, or any duty owed by reason of, this agreement, until such party has notified the other party of such alleged breach and afforded the other party a reasonable period after the giving of such notice to take corrective action."

See https://www.navyfederal.org/content/dam/nfculibs/pdfs/membership/nfcu_606.pdf. Had your client notified Navy Federal as required, Navy Federal would have had the opportunity to save him from the unnecessary stress of wrongly believing that Navy Federal invaded his privacy. Navy Federal would have explained the lack of merit to his purported claims, and unburdened him, your firm, and our client from the unnecessary time and expense of litigating a case that has no merit. Encouraging and engaging in good-faith conversations with its members is the very reason Navy

EXHIBIT B
Page 12

Stephen Andrews
July 19, 2024
Page 3

Federal insists on the Notice of Claim provision, and is an important aspect of Navy Federal's relationship with its members, including your client.

      We are sorry that your client and one of Navy Federal's members was under the incorrect understanding that Navy Federal and Verint were acting in a way violative of his privacy. We expect that you will share this letter with him to ensure he understands that Navy Federal values the privacy of all of its members, including his, and likewise, Verint takes the privacy of its customers and its customers' members very seriously, and neither Navy Federal nor Verint has engaged in any of the wrongful conduct alleged in the Complaint. Finally, we expect that this letter will resolve the claims and lead you to decide not to continue to prosecute the current litigation. Navy Federal and Verint reserve all rights in the event you choose to continue to prosecute this case notwithstanding being on notice of its frivolity in fact and law.

Respectfully,

/s/                Michael Gottlieb

Michael Gottlieb
Counsel for Navy Federal


/s/                Rebekah Guyon

Rebekah S. Guyon
Counsel for Verint