Stephen Andrews (Cal. Bar No. 354327)
stephen@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Avner Paulino, individually and on behalf of all others similarly situated,<br><br>      *Plaintiff*,<br><br>v.<br><br>Navy Federal Credit Union and Verint Systems Inc.,<br><br>      *Defendants*. | Case No. 3:24-cv-03298 (JD)<br><br>**PLAINTIFF'S OPPOSITION TO EMERGENCY MOTION FOR ADMINISTRATIVE RELIEF: REQUEST TO SET SEQUENTIAL BRIEFING SCHEDULE FOR DEFENDANTS' RULE 12(b)(2), (3) MOTIONS** |

Defendants' emergency request for "sequential" briefing is a trojan horse, designed to cause delay. The proper term for what Defendants seek is not "sequential" briefing, but "piecemeal" briefing—something which has been barred under Rule 12 since the 1960s. The plain text of Rule 12 requires a party to raise all available defenses within a single motion. *See* Fed. R. Civ. P. 12(g)(2). Fifty years of Ninth Circuit precedent confirms Rule 12's plain text, and both circuit and district courts regularly require defendants to bring all available defenses in a single motion. The rationale behind this rule was announced over five decades ago: To prevent "piecemeal consideration of a case." Fed. R. Civ. P. 12(g), Advisory Committee's Note (1966). Piecemeal litigation is disfavored because it leads to repetitive motion practice, rewards ambush tactics, and creates delay.

Granting Defendants' motion will lead to repetitive motion practice and delay. Since Defendants have refused to file an omnibus motion, piecemeal motions will require the Court to consider four motions over two rounds of briefing. Each round will take weeks to brief and months to decide. By the time the Court considers the second motion to dismiss, the facts will not be fresh in the Court's mind—forcing the Court to waste time re-familiarizing itself with the Complaint's allegations. Then, Plaintiff will wait months longer for a second order on the second motion to dismiss. This tedium is precisely what Rule 12(g)(2) is designed to prevent. The Court should deny Defendants' motion and make clear at the outset that Defendants' delay-delay-delay tactics are doomed to failure.

## I.     Background

Plaintiff Avner Paulino filed a complaint against Defendants Verint Systems, Inc. and Navy Federal Credit Union on May 31, 2024. On June 12, 2024, counsel for Defendants requested a 30-day extension of their deadline to respond to the Complaint. Declaration of Stephen D. Andrews ("Andrews Decl.") ¶ 3. Plaintiff agreed. *Id.* Defense counsel then asked that the extension be for 35-days. *Id.* Again, Plaintiff agreed. Andrews Decl. ¶ 4.

In the same email conveying Plaintiff's second agreement, Plaintiff's counsel asked whether Defendants would be willing to file a single omnibus motion to dismiss instead of separate motions—and Plaintiff's counsel offered to stipulate to Defendants receiving enlarged briefing. *Id.*

Nearly fifteen days later (and after multiple follow-up emails), defense counsel declined, responding that Defendants would be bringing separate motions to dismiss for lack of personal jurisdiction and improper venue/transfer. Andrews Decl. ¶ 5. Defense counsel also asked Plaintiff to stipulate to piecemeal briefing (i.e., two sets of two motions, or four motions in total), split between Rule 12(b)(2) and Rule 12(b)(6) issues. *Id.* Counsel for Plaintiff declined. Andrews Decl. ¶ 6.

Defense counsel then requested an additional week extension. Andrews Decl. ¶ 7. Plaintiff's counsel once again consented. *Id.* In the same email, Defense counsel also requested that Plaintiff "stipulate to allow defendants to file enlarged briefs addressing all 12(b) arguments in the event that the court does not allow defendants to brief personal jurisdiction and venue first." *Id.* Plaintiff's counsel replied: "If your concern is just brief size, would you be interested in us just stipulating to enlarged briefing and not bifurcating the briefing schedule?" *Id.* Defense counsel rejected this offer and misconstrued counsel's words, stating that defense counsel "appreciate[s] the stipulation on the extension and enlarged briefing on combined 12(b) motions in the event that our motion to stage the briefing is denied." *Id.* Plaintiff's counsel replied, correcting Defendant's counsel and reiterating that any stipulation about briefing length should wait until after the Court decides the present motion. *Id.*

## II. Argument

### A. Five Decades of Authority Establishes that Federal Rule of Civil Procedure 12 Bars Piecemeal Briefing.

A mountain of authority makes clear that all Rule 12 challenges must be made in the same motion. Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2) [1]; *see* 5A Charles Alan Wright Aruther R. Miller, Federal Practice and Procedure § 1247, at 184 (2d. ed. 1990) ("all of the defenses listed in Rule 12(b) that are available to a party *must be raised by a single motion.*") (emphasis added).

---

[1] Rule 12(g)(2) provides two exceptions to this rule, but Defendants rely on neither. Fed. R. Civ. P. 12(g)(2), 12(h)(2)-(3).

1  For over five decades, the Ninth Circuit has held that Rule 12, "and specifically subdivisions (g) and (h), promote the early and simultaneous presentation and determination of preliminary defenses. Rule 12(g) requires that a party who raises a defense by motion prior to an answer raise all such possible defenses *in a single motion*." *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986) (emphasis added); *Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 49 (9th Cir. 1972) (same); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) (same); *In re Apple iPhone Antitrust Litig*, 846 F.3d, 313, 318 (9th Cir. 2017) (same).

Rule 12(g) requires Defendants to raise all their defenses in a single motion—and that is the end of the inquiry. This Court should follow the binding authority cited above and hold, as other district courts have, that "a party must raise all available defenses under Rule 12 within a single motion." *Ward v. Certain Underwriters at Lloyd's of London*, 2019 U.S. Dist. LEXIS 79664, at *6 (N.D. Cal. May 10, 2019) (citing Fed. R. Civ. P. 12(g)(2)); *Radfer Tr. v. First Unum Life Ins. Co. of Am.*, 2004 U.S. Dist. LEXIS 21747, at *5 (N.D. Cal. Oct. 25, 2004) (same).

Rule 12(g)'s rationale also demands denial. The Advisory Committee explained the rationale behind Rule 12(g) over five decades ago: to prevent "piecemeal consideration of a case." Fed. R. Civ. P. 12(g), Advisory Committee's Note (1966). Thus, "Rule 12(g) is designed to avoid repetitive motion practice, delay, and ambush tactics." *Dental Monitoring SAS v. Align Tech., Inc.*, 2023 U.S. Dist. LEXIS 124324, at *4-5 (N.D. Cal. July 19, 2023) (quoting *In re Apple iPhone Antitrust Litig.*, 846 F.3d at 318).

That rationale applies here. Completing the briefing of a single motion, hearing it, and ruling on it will take several months. Briefing two separate sequential motions will double this time. And filing two motions to dismiss is the definition of repetitive motion practice. "Entertaining this [request] would only facilitate repetitive motion practice, delay, and ambush tactics here." *Id.*

**B.  Defendants' Position Is Without Legal Support.**

Despite over fifty years of precedent, Defendants fail to point to any on-point legal authority to support their position.

Defendants first contend that jurisdictional issues must be decided before merits issues. *See* Mot. (Dkt. # 17) at 4 (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422,

430-31 (2007)). True enough. But that proposition doesn't mean that Rule 12 jurisdictional issues must be (or even *can be*) *briefed* before merits issues. Indeed, in each of the cases cited by Defendants, the parties briefed *both* jurisdictional and non-jurisdictional issues *simultaneously*.[2] In other words, Defendants' citations support the proposition that all Rule 12 challenges must be made in the same motion.

Defendants next cite an out-of-context case for the proposition that a district court "has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." Mot. 3 (quoting *Wishney v. Nw. Mut. Life Ins. Co.*, 2016 WL 9223857, at *2 (N.D. Cal. Mar. 28, 2016)). Yet *Wishney* had nothing to do with Rule 12, much less piecemeal briefing. And the Supreme Court has held that "courts have no more discretion to disregard [the Federal Rule's] mandate than they do to disregard constitutional or statutory provisions." *Bank of Nova Scota v. United States*, 487 U.S. 250, 255 (1988). Simply put, courts do not have the discretion to ignore Federal Rule of Civil Procedure 12(g).

In any event, the so-called "equities" that Defendants identify run contrary to Rule 12(g)'s rationale. While Defendants claim that Plaintiff will be able to see all Defendants' arguments at once, that is precisely what Rule 12(g) is designed to do—i.e., prevent piecemeal litigation. Indeed, the "equities" identified by Defendants actually *encourage* the very thing that Rule 12(g) is designed to prevent: repetitive motion practice and delay.

---

[2] *See SanDisk Corp. v. SK Hynix Inc.*, 84 F. Supp. 3d 1021, 1028 (N.D. Cal. 2015) (briefing included both jurisdictional issues and motion to compel); *Compuweigh Corp. v. Honeywell Int'l*, No. 3:16-cv-01108 (VAB), 2016 U.S. Dist. LEXIS 170506, at *2 (D. Conn. Dec. 9, 2016) (transfer of venue and failure to state a claim); *Jarzab v. KM Enters.*, 2012 U.S. Dist. LEXIS 76439, at *7 (N.D. Cal. June 3, 2012) (jurisdiction, venue, and failure to state a claim); *Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1100 (C.D. Cal. 2001) (jurisdiction, venue, and failure to state a claim). Defendants also cite *Marshall v. Monster Beverage Corp.*, 2014 U.S. Dist. LEXIS 108680, 2014 WL 3870290 at *3 (N.D. Cal. Aug. 6, 2014). *See* Mot. at 4. But *Marshall* had no discussion about the propriety of determining jurisdictional issues before merits issues, much less about whether the two sets of issues should be briefed separately.

Plaintiff's Opposition to Emergency Administrative Motion      4      Case No. 3:24-CV-03298 (JD)

Finally, Defendants cite to four text orders granting piecemeal briefing of jurisdiction and merits issues. *See* Mot. at 3. Three of these four orders are readily distinguishable, because they concerned either stipulated or unopposed motions to piecemeal briefing.[3]

Defendants' entire argument thus rests on a single, one-sentence text order—and that order is also distinguishable. *See Rodriguez v. Meta Platforms, Inc.*, No. 4:22-CV-00401 (N.D. Cal.) (Dkt. ## 36-37, 57). In *Rodriguez*, plaintiff did not cite (and the court did not consider) the Ninth Circuit precedent cited above. *See id.* (Dkt. # 37). That binding authority alone demands a denial of Defendants' motion. Nor did the court consider Rule 12(g)'s rationale—which applies with full force here. If the Court permits piecemeal briefing here, then it should expect Defendants to routinely request "sequential" briefing—because it will be a sure-fire way to cause delay. The Court should ignore this text order based on inadequate briefing and instead apply Rule 12(g)'s rationale and follow binding precedent.

### C. Defendants' Request for Another Extension Evinces Their Delay Tactics.

In their briefing, Defendants request yet another extension—this time for ten days after the Court rules on the request for sequential briefing. Plaintiff has been accommodating with Defendants' extension requests, and, in the abstract, Plaintiff does not oppose extending the professional courtesy of an additional ten-day delay. But Plaintiff questions the need for yet another extension. Plaintiff has already agreed to two extensions. The notion that reputable law firms (like those representing Defendants) have failed to use this time to prepare full (non-piecemeal) motions seems fanciful. Instead, Defendants' request for yet another extension appears to be part of the same strategy driving the present motion: delay, delay, delay. The Court should make clear that these delay tactics are doomed.[4]

---

[3] *See Bridge v. Snap Inc.*, No. 21-CV-03473 (N.D. Cal. Aug. 9, 2021) (Dkt. # 30); *Doffing v. Meta Platforms, Inc.* No. 1:22-CV-00100 (D. Or. Mar. 3, 2022) (Dkt. # 32); *Massie v. General Motors Co.*, No. 1:20-CV-01560 (Dkt. # 11).

[4] Defendants' request for an enlargement of the page limit is premature, as Plaintiff's counsel has told Defendants' counsel that it may stipulate to such an enlargement pending the outcome of this motion. To the extent the Court is inclined to grant this request now, Plaintiff requests that the Court order Defendants to file an omnibus motion—in which Plaintiff will consent to expanding Defendants' page limit.

Dated: July 29, 2024

Respectfully submitted,

By: */s/ Stephen Andrews*
Stephen Andrews (Cal. Bar No. 354327)
stephen@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*