1  Stephen Andrews (Cal. Bar No. 354327)
   stephen@dovel.com
2  Christin Cho (Cal. Bar No. 238173)
   christin@dovel.com
3  DOVEL & LUNER, LLP
4  201 Santa Monica Blvd., Suite 600
   Santa Monica, California 90401
5  Telephone: (310) 656-7066
   Facsimile: (310) 656-7069
6

7  *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Avner Paulino, individually and on behalf of all others similarly situated, | Case No. 3:24-cv-03298-JD |
| *Plaintiff*, | **DECLARATION OF STEPHEN ANDREWS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR ADMINISTRATIVE RELIEF: REQUEST TO SET SEQUENTIAL BRIEFING SCHEDULE FOR DEFENDANTS' RULE 12(b)(2), (3) MOTIONS** |
| v. | |
| Navy Federal Credit Union and Verint Systems Inc., | |
| *Defendants*. | Hon. James Donato |

**DECLARATION OF STEPHEN ANDREWS**

I, Stephen Andrews, declare:

1. I am an attorney at the law firm Dovel & Luner, LLP, a member of the California bar, and counsel for Plaintiff in this action.

2. Attached as **Exhibit 1** is a true and accurate copy of email correspondence between counsel for the Parties in this action. All subsequent email exchanges described in this declaration are contained in this Exhibit or in Defendants' Exhibit A.

3. On June 12, 2024 at 10:57 p.m., Rebekah Guyon, Verint Systems, Inc.'s counsel, emailed me seeking a 30-day extension for their deadline to respond to the Complaint. On June 14, 2024 at 2:47 p.m., I responded by email, agreeing to the extension. On June 20, 2024 at 5:31 p.m., Blake M. Bailus, counsel for Verint, emailed me asking that the extension for the response be for 35-days, instead of 30-days.

4. On June 24, 2024 at 5:12 p.m., I responded by email, agreeing to the 35-day extension, and asked whether Defendants would be willing to file a single omnibus motion to dismiss instead of separate motions. I explained that Plaintiff would be willing to grant additional pages for the briefing.

5. On July 5, 2024 at 3:36, p.m., after multiple follow-up emails, Ms. Guyon responded by email, declining to file a single omnibus motion to dismiss and responding that Defendants would be bringing separate motions to dismiss for lack of personal jurisdiction and improper venue/transfer. Defendants' counsel further asked Plaintiff to stipulate to piecemeal briefing (i.e., two sets of two motions, or four motions in total), split between Rule 12(b)(2) and Rule 12(b)(6) issues.

6. On July 22, 2024, at 12:14 p.m., I replied by email and declined.

7. On July 23, 2024 at 10:08 a.m., Ms. Guyon requested an additional one-week extension for their response to the complaint. In the same email, Defense counsel also requested that Plaintiff "stipulate to allow defendants to file enlarged briefs addressing all 12(b) arguments in the event that the court does not allow defendants to brief personal jurisdiction and venue first." On July 24, 2024 at 10:01 a.m., I replied, agreeing to the additional extension. I also stated: "If your concern is just brief size, would you be interested in us just stipulating to enlarged briefing and not bifurcating the briefing schedule?" On July 24, 2024 at 11:20 a.m., Ms. Guyon replied rejecting this offer and

Declaration of Stephen Andrews     1     Case No. 3:24-cv-03298-JD

1  stating that defense counsel "appreciate[s] the stipulation on the extension and enlarged briefing on
2  combined 12(b) motions in the event that our motion to stage the briefing is denied." I replied at 2:24
3  p.m. the same day, correcting Defendant's counsel and reiterating that any stipulation about briefing
4  length should wait until after the Court decides the present motion

5      I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th
6  day of July, 2024.

                                */s/ Stephen Andrews*
                                Stephen Andrews